DOWD, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Michael Machne, | ) | |
| | ) | CASE NO. 1:07 CV 0658 |
| Plaintiff(s), | ) | |
| | ) | |
| v. | ) | <u>MEMORANDUM OPINION</u> |
| | ) | <u>AND ORDER</u> |
| Samsung Telecommunications America, | ) | |
| L.P., et al., | ) | |
| | ) | |
| Defendant(s). | ) | |

Before the Court is plaintiff's motion to remand (Doc. No. 10), defendants' brief in opposition (Doc. No. 12) and plaintiff's reply (Doc. No. 13). For the reasons discussed below, the motion to remand is granted.

### I. BACKGROUND

On February 5, 2007, plaintiff Michael Machne filed his complaint in the Cuyahoga County Court of Common Pleas against Samsung Telecommunications America, LP a.k.a. Samsung Telecommunications America, Inc. a.k.a. Samsung Techwin Co., LTD. ("Samsung"), Sprint PCS ("Sprint"),[1] and four John Does. On March 7, 2007, Samsung and Sprint removed the action on the basis of diversity of citizenship, specifically alleging that the matter in controversy exceeds the jurisdictional amount of $75,000. (Doc. No. 1, ¶ 9).

The Complaint alleges that, on or about April 7, 2005, Machne was carrying a cell phone in his pants pocket. The cell phone contained a battery. The phone and battery were designed

---

[1] In the notice of removal, these defendants assert that their proper identities are Samsung Telecommunications America LLC and Sprint Spectrum, LP.

(1:07 CV 0658)

and/or manufactured by the defendants.  The cell phone "exploded in [Machne's] pants pocket causing burns and permanent injury and damage."  (Compl. ¶ 2).  The Complaint sets forth claims sounding in tort, product liability, strict liability, and breach of warranty; it also alleges that certain Ohio statutes are unconstitutional.  Plaintiff prays for compensatory damages in excess of $25,000, as well as punitive damages, treble damages (under the Ohio Consumer Sales Practices Act), attorney fees and costs, plus interest.

## II.  DISCUSSION

There is no question that there is diverse citizenship.  The issue before the Court is whether the jurisdictional amount has been met.

As the party invoking federal jurisdiction, the defendant seeking removal bears the burden of proving the requirements of diversity jurisdiction.  Rogers v. Wal-Mart Stores, Inc., 230 F.3d 868, 871 (6th Cir.2000), cert. denied, 121 S.Ct. 1428 (2001).  When the underlying complaint seeks an indeterminate amount of damages, the removing defendant has the burden of demonstrating, by a preponderance of the evidence, that the amount in controversy requirement has been met.  Hayes v. Equitable Energy Resources Co., 266 F.3d 560, 572 (6th Cir.2001); Gafford v. General Elec. Co., 997 F.2d 150, 158 (6th Cir.1993).  "All doubts as to the propriety of removal are resolved in favor of remand."  Jacada, Ltd. v. Int'l Mktg. Strategies, Inc., 401 F.3d 701, 704 (6th Cir.2005) (quoting Coyne v. Am. Tobacco Co., 183 F.3d 488, 493 (6th Cir.1999)).

(1:07 CV 0658)

> In his motion to remand, plaintiff asserts as follows:
>
> . . . Plaintiff, Michael Machne received second degree thickness burns to his thigh as a result of Defendant's cell phone battery exploding in his pants pocket shortly after he had used said phone to make a call. *See Affidavit of Plaintiff's Counsel Kyle L. Crane*, attached hereto as Plaintiff's Exhibit 1. Plaintiff's initial pre-suit settlement demand was $28,500.00 with specials totaling $743.55. While Plaintiff suffered extreme pain and still has residual scarring on his thigh from the burns, Plaintiff's counsel has conveyed to counsel for the defendants that this case does not meet the in excess of the $75,000 jurisdictional threshold. Plaintiff's counsel further indicated that if defense counsel thought that this case was worth in excess of $75,000, that Plaintiff would gladly take, gladly settle the case with defendants for $75,000. Defendants should not be permitted to plead as they do on page 3, paragraph 9 of their notice of removal that "The matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs, as required pursuant to 28 U.S.C. § 1332(A)" if Defendants are not will [sic] to pay at least that amount in settlement.

(Doc. No. 10).

It seems quite clear that, since the special damages are only about $750, in order to meet the jurisdictional amount, all of plaintiff's other damages would have to amount to a little over $74,000, a scenario that is not likely. Defendant relies on the fact that the prayer in the complaint seeks compensatory and punitive damages, plus treble damages under the Ohio Consumer Sales Practices Act.

It is very difficult to establish a right to recover punitive damages. Here, there is no allegation that there was some industry-wide problem with the telephone battery that allegedly caused plaintiff's burns. It was apparently a single battery that overheated or otherwise malfunctioned and caught fire in his pocket. This is hardly the stuff of punitive damages.

3

(1:07 CV 0658)

Furthermore, Ohio courts have held that an award of punitive damages in addition to the treble damages provided for under the Consumer Sales Practices Act constitutes error as a matter of law.  See, e.g., Borror v. MarineMax of Ohio, Inc., No. OT-06-010, 2007 WL 431737, at * 13 (Ohio App. 6 Dist. Feb. 9, 2007).

The treble damages allowed by O.R.C. § 1345.09(B) is "three times the amount of the consumer's actual damages or two hundred dollars, whichever is greater[.]"  The Ohio Supreme Court has ruled that "[i]n an action brought under the Consumer Sales Practices Act, all forms of compensatory relief, including noneconomic damages, are included within the term 'damages' in R.C. 1345.09(A)[ ]" and "[t]he actual damages proven, whether economic or noneconomic, are subject to trebling under R.C. 1345.09(B)."  Whitaker v. M.T Automotive, Inc., 111 Ohio St.3d 177 (2006) (Syllabus ¶¶ 1, 2).  However, under O.R.C. § 1345.12(C), claims for personal injury, such as in the instant case, are not eligible for treble damages.  Pomianowski v. Merle Norman Cosmetics, Inc., 507 F.Supp. 435 (S.D. Ohio 1980) (cited by Whitaker).

### III.  CONCLUSION

The Court concludes that it is highly unlikely, if not altogether impossible, that plaintiff, if he were to prevail, would recover in excess of $75,000 for his injuries.  Therefore, the jurisdictional amount required for diversity jurisdiction is not met.

Plaintiff's motion to remand (Doc. No. 10) is granted.

IT IS SO ORDERED.

|  April 19, 2007 | *s/ David D. Dowd, Jr.* |
|---|---|
| Date | David D. Dowd, Jr. |
|  | U.S. District Judge |

(1:07 CV 0658)

5

(1:07 CV 0658)